IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BLANCA ESTELA ANDRADE SALAS, ET AL. | § § § | |
| V. | § § | CIVIL ACTION NO. 4:25-CV-720-P |
| SN SERVICING CORPORATION, ET AL. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE REGARDING MOTION TO
DISMISS AND AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.     STATEMENT OF THE CASE**

Plaintiff Blanca Estela Andrade Salas ("Salas"), proceeding *pro se*, originally filed this action on June 10, 2025, against Defendants SN Servicing Corporation ("SN Servicing") and CooperZadeh LLC ("CooperZadeh") in the 17th Judicial District Court of Tarrant County, Texas. In her Original Petition,[1] Plaintiff claims that SN Servicing "violated federal mortgage servicing laws, including 12 C.F.R. § 1024.41," by: (1) "[f]ailing to timely evaluate Plaintiff's complete loss mitigation applications;" (2) "[f]ailing to provide specific reasons for denial;" (3) "[n]ot responding to Plaintiff's hardship and limited language needs;" and (4) "[i]gnoring Plaintiff's Qualified Written Requests and failing to provide clear answers." (SN Servicing's Notice of

---

[1] According to SN Servicing, "[t]he allegations in the Petition relate to foreclosure of a mortgage loan secured by a lien on certain real property and improvements located at . . . 3223 Prairie Avenue, Fort Worth, Texas 76109 [('the Property')]." (SN Servicing's Notice of Removal at 1.)

1

Removal ("Notice of Removal") at Exhibit ("Ex.") B-1, p. 3.) Plaintiff further states that "[t]hese failures constitute violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. 2605." (*Id*.) As to CooperZadeh, Plaintiff alleges that it "is now attempting to enforce eviction proceedings as a result of the above deficiencies, despite the unresolved status of Plaintiff's servicing and assistance efforts." (*Id*.) Plaintiff also seeks a Temporary Restraining Order ("TRO") and a permanent injunction to prevent Defendants from, *inter alia*, "[i]nitiating or continuing any eviction or dispossession efforts against Plaintiff." (*Id*.)

In support of her Original Petition, Plaintiff attaches an affidavit in which she states, as relevant here, the following: (1) after she became seriously ill with COVID-19 in 2021, she lost her ability "to maintain regular employment and mortgage payments," she contacted SN Servicing to seek mortgage assistance; (2) Plaintiff submitted a "complete assistance package in November 2021 [to SN Servicing] but was denied in February 2022; (3) SN Servicing "invited [her] to reapply" and she "submitted a second full application in March 2022, which was denied again; (4) as a result of her "limited English proficiency," she did not initially understand the process and did not get clear guidance from SN Servicing; (5) she has filed multiple bankruptcies in an attempt to save her home, the most recent of which was dismissed in March 2025; (6) thereafter, she contacted SN Servicing "again for loss mitigation and was again denied;" and (7) CooperZadeh "is now attempting to evict me from my home, based on proceedings initiated without proper loan servicing compliance by SN Servicing Corporation." (*Id.* at 6.) Thereafter, on July 8, 2025, SN Servicing removed the case to this Court.

On July 14, 2025, SN Servicing filed a Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") [doc. 7]. In its motion, SN Servicing argues that the case should be dismissed because: (1) "Plaintiff's RESPA claim is

barred by limitations;" (2) Plaintiff failed to plead facts to adequately state a claim for violation of RESPA; (3) alternately, "Plaintiff is estopped from asserting her RESPA claim because she failed to disclose it in the schedules of her prior bankruptcy cases[;]" and (4) Plaintiff is not entitled to injunctive relief because she fails to state an underlying affirmative claim for relief. (SN Servicing's Brief in Support of Motion to Dismiss ("SN Servicing's Br.") at 2.)

On July 23, 2025, CooperZadeh filed an Amended Motion for Judgment on the Pleadings ("Amended Motion") [doc. 13]. In its Amended Motion, CooperZadeh argues that it should be dismissed from the suit because Plaintiff, while seeking to "restrain CooperZadeh from eviction efforts," has failed to make a specific claim against it. (CooperZadeh's Amended Motion ("CooperZadeh's Am. Mot.") at 2.)

Thereafter, on August 28, 2025, the Court, after reviewing the above pending motions, issued an Order Requiring Plaintiff to File an Amended Complaint ("Order") [doc. 22]. In the Order, the Court stated, "A review of Defendants' motions indicates that Defendants have raised several potentially meritorious reasons as to why some or all of Plaintiff's claims against them should be dismissed." (Order at 1.) The Court, noting that it was giving Plaintiff a final opportunity to amend her complaint to plead her best case, ordered Plaintiff to file an Amended Complaint no later than September 18, 2025. (Order at 1-2.) As of the date of this order, Plaintiff has wholly failed to comply with the Court's Order. Thus, the Court will consider Defendants' pending motions based on the Original Petition, which is the live pleading before the Court.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) is generally viewed with disfavor. *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The standard for deciding a Rule 12(c) [Motion for Judgment on

3

the Pleadings] is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) (internal quotation marks and citations omitted); *see Guidry*, 512 F.3d at 180. A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *See Iqbal*, 556 U.S. at 679.

When ruling on a 12(b)(6) motion to dismiss, the court must accept all well-pled facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). While well-pled facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Additionally, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). Finally, although "*pro se* complaints are held to less stringent

standards than formal pleadings drafted by lawyers," *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), the pleadings must still show specific, well-pled facts, "not mere conclusory allegations" to avoid dismissal, *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)).

In rendering a decision on a 12(b)(6) motion, the court cannot look beyond the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Additionally, the court may consider "'[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (alterations in original)). Furthermore, a court may "take judicial notice of matter of public record" and "is entitled to consider its own prior rulings . . . that are relevant to [the] lawsuit" in ruling on a motion to dismiss. *Hill v. Estate of Hill*, 594 F. Supp. 3d 741, 759 (N.D. Tex. Mar. 25, 2022).

### III. ANALYSIS

#### A. <u>SN Servicing's Motion to Dismiss</u>

As stated above, SN Servicing first argues in its Motion to Dismiss that Plaintiff's claim against it under RESPA should be dismissed because it is barred by the statute of limitations. (SN Servicing's Br. at 2.) SN Servicing claims that, because "Plaintiff alleges to have submitted her first complete loan modification application in November 2021, with a denial of assistance from Defendant made in February 2022[,]" then Plaintiff was required to file her lawsuit no later than February 2025. (*Id.* at 5.) SN Servicing argues that Plaintiff's suit is time-barred because she did

not file her Original Petition in state court until June 10, 2025, approximately four months after the expiration of the statute of limitations.

Plaintiff, in her response, states that she "alleged that she made multiple written requests for loss mitigation assistance pursuant to the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and received either no substantive response or was misled regarding the status of those requests." (Plaintiff's Response to Defendant SN Servicing Corporation's Motion to Dismiss Under Rule 12(b)(6) ("Pl.'s Resp.") at 2.) Plaintiff does not, however, directly respond to Defendant's argument that her claims under RESPA should be dismissed because they are barred by the statute of limitations.[2]

Plaintiff claim against SN Servicing that it violated the servicing rules set forth in 12 C.F.R. § 1024.41[3] is expressly made actionable under section 2605 of the RESPA. *See* 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA."); 12 U.S.C. § 2605(f) (setting forth the damages and costs due to a borrower when there is failure to comply with the servicing of mortgage loans and administration of escrow accounts set forth in section 2605). To successfully plead a claim under § 1024.41 Plaintiff must, among other requirements, allege facts establishing that "the loan modification application [she] submitted to [Defendant] was [her] first complete loss mitigation application . . . [or] that [she] became current on [her] payments after [Defendant] considered any previous complete loss

---

[2] The Court notes that Plaintiff, in her response, also claims that she has stated claims against SN Servicing for violations of the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act, as well as for wrongful eviction and constructive fraud. (Pl.'s Resp. at 2-3.) As Plaintiff did not allege such claims against SN Servicing in her Original Petition and did not file an Amended Complaint as instructed by the Court, the Court will not address such claims. *See United States ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co., L.P.*, 491 F. Supp. 3d 220, 232 (N.D. Tex. 2020) ("[I]t is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.") (internal quotation marks and citations omitted) (alternations in original).

[3] Section 1024.41 is titled "Loss mitigation procedures" and regulates such procedures provided by loan servicers such as SN Servicing. *Ruiz v. PennyMac Loan Servs., LLC*, No. 3:18-CV-1544-D, 2018 WL 4772410, at *2 (N.D. Tex. Oct. 3, 2018); *see* 12 C.F.R. 1024.41.

mitigation application." *Ruiz*, 2018 WL 4772410, at *2 (citing *Solis v. U.S. Bank, N.A.*, 726 Fed. Appx. 221, 223 (5th Cir. 2018)); *see also* 12 C.F.R. § 1024.41(i)[4]; *Germain v. U.S. Bank Nat'l Ass'n*, 920 F.3d 269 (5th Cir. 2019). In addition, an action under RESPA Section 2605 must be brought within three years. *See* 12 U.S.C. § 2614.

Based on the foregoing, the Court **FINDS** and **CONCLUDES** that Plaintiff's claim that SN Servicing violated the servicing rules set forth in 12 CFR § 1024.41 fails for two reasons: (1) it is barred by the statute of limitations and (2) Plaintiff fails to state a claim upon which relief can be granted. As set forth above, Plaintiff alleges in her Original Petition that she submitted her first complete loan modification application in November 2021, which was denied by Defendant in February 2022. To be timely, Plaintiff must have brought her suit within three years of such denial, which would have been no later than February 2025. Because Plaintiff did not file her Original Petition in state court until June 10, 2025, approximately four months after the expiration of the statute of limitations, Plaintiff's claims for violation of the servicing rules, made actionable through RESPA, are time barred.

Furthermore, as to Plaintiff's allegations relating to second and subsequent loss mitigation applications, such allegations fail to state a claim because (1) SN Servicing only had to comply with the regulations for the first loss mitigation application (which it did), and (2) Plaintiff does not allege that she became current on her payments after her first complete loss mitigation

---

[4] This section states:

> A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application.

12 C.F.R. § 1024.41(i).

application. *See Ruiz*, 2018 WL 4772410, at *2.[5] Consequently, the Court **RECOMMENDS** that SN Servicing's motion to dismiss as to Plaintiff's claims that it allegedly violated the servicing rules set forth in 12 C.F.R. § 1024.41 and made actionable under RESPA be **GRANTED** and such claims be **DISMISSED WITH PREJUDICE**.

### B.    CooperZadeh's Amended Motion for Judgment on the Pleadings

In CooperZadeh's Amended Motion, it claims that it should be dismissed from the suit because Plaintiff "makes no specific claim against it." (CooperZadeh's Am. Mot. at 2.)  As noted above, Plaintiff's only reference to CooperZadeh in her Original Petition is that "CooperZadeh is now attempting to enforce eviction proceedings as a result of the above deficiencies, despite the unresolved status of Plaintiff's servicing and assistance efforts." (Notice of Removal at Ex. B-1, p. 3.)  As to both SN Servicing and CooperZadeh, Plaintiff seeks to restrain them and their agents from, *inter alia*, [i]nitiating or continuing any eviction or dispossession efforts against Plaintiff." (*Id*.)

In the Notice of Removal, SN Servicing states that CooperZadeh is "a third-party purchaser at the foreclosure sale of the Property" and, thus, "not subject to the provisions of RESPA." (Notice of Removal at 4.)  Salas does not dispute in her Original Petition or her response to

---

[5] The Court notes that "[t]he Fifth Circuit has not [explicitly]determined whether equitable tolling applies to a RESPA claim." *Chapman v. Commonwealth Land Title Ins. Co.*, No. 3:09-CV-0188-L, 2011 WL 721915, at *4 (N.D. Tex. Feb. 28, 2011 (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 358 (5th Cir. 2003); *but see Ahmad v. Old Rep. Nat'l Title Ins. Co.*, 3:08-cv-229-P, 2008 WL 11380075 at *3-4 (N.D. Tex. Aug. 14, 2008) (noting that, while "[n]either the fifth Circuit nor the Supreme Court has specifically addressed whether equitable tolling is available under RESPA's statute of limitations" and that "other circuits are split on the issue[,]" equitable tolling "should be available for RESPA plaintiffs" in "rare and extraordinary circumstances") (N.D. Tex. Aug. 14, 2008). Even assuming without deciding that equitable tolling does apply to a RESPA claim, the Court finds that it is not applicable in this case because Plaintiff did not even raise it in her response. (*See generally* Pl.'s Resp. at 1-3.) Moreover, even assuming Plaintiff had raised it, equitable tolling is only appropriate in "rare and exceptional circumstances." *McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375 (5th Cir. 2013). While Plaintiff, in her Original Petition, mentions her "limited English proficiency" and claims that SN Servicing failed to provide her clear answers (Notice of Removal, Ex. B-1, pp. 2-3, 6-7), such allegations are not rare and exceptional circumstances that would make equitable tolling applicable. *See, e.g., Val-Com Acquisitions Trust v. Wells Fargo Bank, Nat'l Assn.*, No. 3:10-cv-1592-F, 2011 WL 13234915, at *5 (N.D. Tex. Mar. 4, 2011) ("[T]he Court shall not allow the statutes of limitations to be tolled simply due to allegations that a party to the loan was unsophisticated . . . .").

CooperZadeh's Amended Motion that, as a result of the foreclosure, she is no longer the rightful legal owner. Moreover, a review of the information regarding the Property on the Tarrant County Appraisal District's website, which this Court may take judicial notice of, shows that the Property is currently owned by CS GS Rental 1 LLC ("CS GS Rental").[6]

"To sue for damages for being wrongfully evicted from residential premises, a plaintiff must allege that [s]he was a tenant under a lease." *Warren v. Bank of America, N.A.*, 717 F. App'x 474, 478 (5th Cir. 2018). As Plaintiff has not made any such allegations, the Court **FINDS and CONCLUDES** that Plaintiff has failed to state a claim against CooperZadeh for wrongful eviction. Consequently, the Court **RECOMMENDS** that CooperZadeh's Amended Motion be **GRANTED** and all claims against it be **DISMISSED WITH PREJUDICE**.

### C. Plaintiff's Claims for Declaratory and Injunctive Relief

As to Plaintiff's claims for declaratory and injunctive relief against both Defendants, such claims are forms of relief that depend on the success of underlying claims. *See Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory relief); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief). Thus, when a Court determines "that none of Plaintiffs claims can withstand dismissal . . . requests for declaratory and injunctive relief . . . cannot survive." *Johnson v. Wells Fargo Bank, NA,* 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014). As discussed above, the Court is recommending dismissal of all of Plaintiff's other claims against Defendants. Consequently, the Court **FINDS, CONCLUDES, and RECOMMENDS** that

---

[6] *See* www.tad.org/property?account=03669564 (as of October 7, 2025) (showing that CS GS Rental purchased the Property from CooperZadeh on March 28, 2025).

Plaintiff's requests for declaratory judgment and injunctive relief be **DENIED** and such requests be **DISMISSED WITH PREJUDICE**.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that SN Servicing's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) [doc. 7] and CooperZadeh's Amended Motion for Judgment on the Pleadings [doc. 13] be **GRANTED** and that all claims against them be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 21, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 7, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE